## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

**Joseph W. Sullivan**

   **v.**                                    Civil No. 14-cv-311-PB

**Warden, Federal Correctional**
**Institution Berlin, New Hampshire**

### REPORT AND RECOMMENDATION

Before the court is the respondent's motion to dismiss (doc. no. 8) the 28 U.S.C. § 2241 petition filed by Joseph Sullivan.  Sullivan objects to the motion (doc. no. 9).  The motion is before the undersigned magistrate judge for a report and recommendation, pursuant to LR 72.1.  For the reasons stated below, this court recommends that the district judge grant the motion to dismiss (doc. no. 8) and deny the § 2241 petition.

### Background

On October 26, 2010, Sullivan was arrested and released on conditions, including home confinement, in the United States District Court for the District of Hawaii.  Sullivan subsequently pled guilty to two counts of wire fraud and remained released on the same conditions pending sentencing.

On June 6, 2011, Sullivan's bail was revoked as a result of his arrest on charges of passport fraud resulting from his application for renewal of a passport under an assumed name.  On

July 14, 2011, Sullivan pled guilty to one count of passport fraud.  On October 27, 2011 Sullivan was sentenced in the District of Hawaii to fifty-five months of incarceration and three years of supervised release on all counts to which he had pled guilty.

At Sullivan's sentencing, the government successfully argued for an increase in Sullivan's base offense level by two levels for obstruction of justice pursuant to United States Sentencing Guidelines (U.S.S.G) §3C1.1.  The enhancement was based on Sullivan's attempted escape from home confinement while he was released pretrial on conditions.

Sullivan asserts that the Bureau of Prisons ("BOP") is estopped from construing his seven-month period of pretrial/pre-sentence home confinement as being in "custody" for computation of his offense level for sentencing purposes, but not as "official detention" when calculating his sentence under 18 U.S.C. § 3585(b).  Sullivan argues that under the doctrine of judicial estoppel, the BOP, having taken inconsistent positions, is obligated to credit him with the seven month period of pretrial/pre-sentencing home confinement when calculating his sentence.  See Obj. Mot. Dismiss, doc. no. 9.

Respondent has moved to dismiss for failure to state a claim, arguing that the government has not taken inconsistent

positions and that Sullivan's arguments fail as a matter of law.
See Mot. Dismiss, doc. no. 8.

## Standard of Review

Respondent's motion is governed by Federal Rule of Civil
Procedure 12(b)(6).  See Wolfe v. Johnson, 565 F.3d 140, 169
(4th Cir. 2009).  In ruling on such a motion, the court accepts
all facts pleaded by the petitioner to be true, id., and can
consider "matters of public record[] and other matters
susceptible to judicial notice."  Lydon v. Local 103, Int'l Bhd.
of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014).  Where the
petition and matters of public record show "that the limitations
period has been exceeded," and do not "sketch a factual
predicate that would warrant the application of either a
different statute of limitations period or equitable estoppel,"
dismissal is appropriate.  Santana-Castro v. Toledo-Davila, 579
F.3d 109, 114 (1st Cir. 2009) (internal quotation marks and
citation omitted).

## Discussion

Sullivan concedes that as a matter of law, pretrial/pre-
sentencing home confinement does not constitute "official
detention" for § 3585(b) sentence calculation purposes.  See
Pet. Mem., doc. no. 1, 15; see also United States v. Reyes-

Mercado, 22 F.3d 363, 368 (1st Cir. 1994). Sullivan argues that under the facts of this case, however, the government is estopped from taking the position that home confinement is not "official detention" for sentence calculation purposes because it obtained an increase in his base offense level by two levels for obstruction of justice under U.S.S.G. §3C1.1 by arguing that Sullivan had "attempted to escape while in custody." In other words, Sullivan argues that the government has taken inconsistent positions – arguing on the one hand that he was in "custody" for purposes of the obstruction of justice sentencing guideline, but not in "official detention" for purposes of the sentence calculation statute.

To establish judicial estoppel, a litigant must show that an opposing party is pressing a litigation position inconsistent with a position the party successfully asserted previously, and the new position would unfairly advantage that party if accepted by the court. United States v. Ledée, 772 F.3d 21, 29 (1st Cir. 2014) (citing Knowlton v. Shaw, 704 F.3d 1, 10 (1st Cir. 2013)); see also Perry v. Blum, 629 F.3d 1, 9 (1st Cir. 2010).

As discussed further below, the government has not taken inconsistent positions. The government, by arguing that home confinement is "custody" to secure a two level enhancement under the sentencing guidelines for obstruction of justice, did not

4

transform Sullivan's pretrial/pre-sentencing home confinement into "official detention" for § 3585(b) sentence calculation purposes.  The meaning of "custody" as used in U.S.S.G. § 3C1.1, and "custody" that equates to "official detention," as used in § 3585(b), are not synonymous.  "A legal term does not have to mean the same thing in every context."  Hayes v. United States, 281 F.3d 724, 725-26 (8th Cir. 2002) (distinguishing "custody" for U.S.S.G. § 3C1.1 obstruction-of-justice purposes and other purposes, for example, the felony of escape from custody under 18 U.S.C. § 751).

I.   "Custody" under U.S.S.G. § 3C1.1.

     The enhancement under U.S.S.G. § 3C1.1 applies to, among other things, "escaping or attempting to escape from custody before trial or sentencing . . . ." U.S.S.G. § C1.1 cmt. n.4(E). "Custody" in this context includes pretrial release circumstances where there is a substantial restraint on one's liberty, analogous to home confinement.  See, e.g., Hayes, 281 F.3d at 725 (affirming use of "in custody" under U.S.S.G. § 3C1.1 to describe someone released on bail with condition of residency in halfway house); see also United States v. Ray, 772 F.3d 824, 825 (8th Cir. 2014) (absconding from the drug treatment facility in violation of his pretrial release conditions is an escape "from custody" within the meaning of

U.S.S.G. § 3C1.1); <u>United States v. DeFeo</u>, 36 F.3d 272, 277 (2nd Cir. 1994) (failure to report to pretrial services is comparable to an escape from custody).

The government argued at Sullivan's sentencing hearing that his effort to renew a passport while placed in pretrial home confinement was an attempt to escape custody within the meaning of U.S.S.G. § 3C1.1.  Having so argued however, does not preclude the government from taking the position that Sullivan's home detention was not "custody" within the meaning of "official detention" under § 3585(b).

## II.   <u>"Official Detention" under § 3585(b)</u>

"Credit for time spent in 'official detention' under § 3585(b) is available only to [ ] defendants who were detained in a 'penal or correctional facility . . . .'"  <u>Reno v. Koray</u>, 515 U.S. 50, 59 (1995) (rejecting the argument that the term "official detention" included conditions of confinement while released on bail).  Sullivan was released on bail during the seven month period for which he seeks credit.  The government, in arguing for an enhancement to his sentence for obstruction of justice under U.S.S.G. § 3C1.1, did not argue that Sullivan attempted to escape from a penal or correctional facility.  Thus, the government has not taken an inconsistent position, judicial estoppel is not applicable, and Sullivan's petition for

a writ of habeas corpus should be dismissed for failing to state a claim.  Accordingly, the district judge should grant the respondent's motion to dismiss (doc. no. 8), and deny the habeas petition.

### Conclusion

For the foregoing reasons, the court recommends that the district judge grant the respondent's motion to dismiss (doc. no. 8), and deny the § 2241 petition.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).


_____
Andrea K. Johnstone
United States Magistrate Judge


March 16, 2015

cc:  Joseph W. Sullivan, pro se
     Seth R. Aframe, Esq.